ACCEPTED
03-15-00549-CR
7963248
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/24/2015 9:41:31 AM
JEFFREY D. KYLE
CLERK

No. 03-15-00549-CR

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT OF
TEXAS AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/24/2015 9:41:31 AM
JEFFREY D. KYLE
Clerk

\*\*\*\*\*\*\*

# RONNY GENE SMITH

## VS.

# THE STATE OF TEXAS

\*\*\*\*\*\*\*

ON APPEAL FROM THE 426th DISTRICT COURT
OF BELL COUNTY, TEXAS
Cause No. 67764

\*\*\*\*\*\*

# STATE'S BRIEF

\*\*\*\*\*\*

HENRY GARZA
DISTRICT ATTORNEY

BOB D. ODOM
ASSISTANT DISTRICT ATTORNEY
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

*Oral Argument Not Requested*

1

# TABLE OF CONTENTS

**ITEM**                                                                                          **PAGE**

Index of Authorities ........................................................................................   3

Statement Regarding Oral Argument ...........................................................   4

Statement of the Case ...................................................................................   4

Statement of Facts ........................................................................................   4

Summary of State's Argument ......................................................................   7

Argument and Authorities .............................................................................   8

    First Issue on Appeal ...............................................................   8
                TRIAL COURT ABUSE DISCRETION IN
                DENYING APPELLANT'S PRO SE MOTIONS
                FOR DNA TESTING?

        Standard of Review ........................................................   8

        The Statutes ....................................................................   8

        Application and Analysis ...............................................   10

Prayer .............................................................................................................   13

Certificate of Compliance with Rule 9 ..........................................................   14

Certificate of Service ....................................................................................   14

# INDEX OF AUTHORITIES

**CASES**                                                                    **PAGE**

*Holberg v. State*, 425 S.W.3d 282 (Tx. Cr. App. 2014) ........................ 8 - 9

*Smith v. State,* No. 03-11-00427-CR, 2013 Tex. ............................. 4
    App. LEXIS 807 (Tx. App. Austin 3rd Dist. 2013 rev.ref.),
    not designated for publication.


**OTHER**


*Texas Code of Criminal Procedure*

    Article 64.01 .................................................................. 8, 10

    Article 64.01(b) ........................................................... 10

    Article 64.03 ................................................................. 9 - 11

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

## STATEMENT OF THE CASE

This is an appeal of the trial court's order denying the Appellant's pro se motions for post-conviction DNA testing. Those motions were denied by the trial court, without a hearing, based upon its findings of facts. (CR-74, 74, 103).

The Appellant gave timely notice of appeal (CR-105) and the trial court certified his right to do so. (CR-106).

## STATEMENT OF FACTS

The Appellant was convicted of the offense of sexual assault and was subsequently sentenced as a habitual offender to sixty years in prison. He appealed his conviction to this court and that conviction was affirmed. *Smith v. State*, No. 03-11-00427-CR, 2013 Tex. App. LEXIS 807 (Tx. App. Austin 3rd Dist. 2013 rev. ref.), not designated for publication.

In that opinion, this court thoroughly reviewed the facts of the case. Facts contained in that opinion that are germane to the issue now before the court in this case are as follows:

4

- After the victim, A.T, was sexually assaulted by vaginal penetration, her assailant took her cell phone and cigarette lighter. Use of her cell phone led the police to the Appellant and both items were discovered in his room.

- A.T. was examined by a SANE nurse and swabs were taken from her vagina.

- The Appellant voluntarily gave his own DNA samples to the investigating officers.

- Police also collected DNA samples from another individual who had been in the area of the assault, but those samples were never submitted for testing because that person was eliminated during the course of the investigation as a suspect.

- The DNA recovered from the vagina of the victim was compared to the known DNA sample taken from the Appellant and they matched with a reasonable degree of scientific certainty.

- A.T. positively identified the Appellant as the person who had sexually assaulted her at the trial.

*Smith,* Slip Op. at 1-3.

In his motion for post-conviction DNA testing (CR-36), as well as his Amended Motion filed after the motion was denied (CR-83), the

Appellant primarily complained about the effectiveness of his trial counsel, the same issue raised on direct appeal and rejected. It is very difficult to determine from his motions exactly what the Appellant requested as his DNA sample was tested and compared with that recovered from the sexual organ of the victim. Apparently his primary concern is whether or not his trial counsel should have pursued chain of custody questions with respect to that test, rather than actually requesting another test.

The State filed a response to the motions, with supporting attachments (CR-51, 95). The trial court, in denying the motions entered its findings of fact. Those findings were:

"1. The defendant was indicted in the 426th Judicial District of Bell County, Texas on April 9, 2011 in Cause Number 67,764 for the offense of Sexual Assault".

2. The offense occurred on or about September 1, 2010 in Bell County, Texas.

3. The defendant's case was tried to a jury, who, after hearing the evidence, found him guilty of Sexual Assault, and who, after hearing punishment evidence, sentenced him to sixty (60) years imprisonment.

4. The victim testified at trial and identified the defendant as her attacker in court.

6

5. The known DNA profile extracted from cheek swab that the defendant voluntarily gave to police matched the DNA profile extracted from a vaginal swab taken from the victim with a reasonable degree of scientific certainty.

6. The defendant does not establish that his identify was or is at issue in this case.

7. There is no showing that exculpatory test results would have prevented the defendant from being convicted of this crime.

8. There are no reasonable grounds for this Motion for DNA Testing to be filed, hence the defendant's Motion for Appointment of Counsel is denied. "(CR-73, 74).

## SUMMARY OF STATE'S ARGUMENT

The Appellant has failed to show by a preponderance of the evidence that there was evidence in his case containing biological material that has not been previously tested. He has also failed to show that identity was at issue in the case, or that he would not have been convicted if exculpatory results had been obtained through DNA testing. The DNA of the Appellant and that recovered from the sexual organ of the victim were tested and found to a reasonable degree of scientific certainty to be from the same person.

# ARGUMENT AND AUTHORITIES

## *First Issue on Appeal*

Did the trial court abuse its discretion in denying the Appellant's Motions for Post-Conviction DNA testing?

## *Standard of Review*

A trial court's decision to deny a request for DNA testing is reviewed according to a bifurcated standard. The appellate court must give almost total deference to the trial court's resolution of questions of historical fact and application of law to fact questions that turn on witness credibility or demeanor. All other questions are reviewed *de novo.* The burden of proof is upon the petitioner by a preponderance of the evidence. *Holberg v. State*, 425 S.W.3d 282, 284, 285 (Tx. Cr. App. 2014).

## *The Statutes*

Article 64.01 of the *Texas Code of Criminal Procedure* provides that a convicted person may submit a motion for forensic DNA testing of evidence containing biological material. Under the law applicable at the time of the filing of the Appellant's motion on April 28, 2015, this required proof that the evidence contained biological material, not

8

merely a probability that it might. [1] *Holberg* at 285. Such a motion may request DNA testing only if the evidence containing biological material was secured in relation to the offense of which the defendant was convicted and in the possession of the State during the trial, but was either not subjected to DNA testing or, although previously tested, it can now be tested with newer techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test.

Article 64.03 of the Code sets out the requirements for an order for DNA testing. A court may order such testing only if the court finds:

1. That the evidence still exists and is in a condition making DNA testing possible; and

2. The evidence has been subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and

3. Identity was or is an issue in the case; and

---

[1] The statute was amended to require only proof of a reasonably likelihood of biological material, however, that amendment applies only to motions filed after the effective date of September 1, 2015, and motions filed prior that date must be reviewed by the law in effect at the time the motion was filed. S.B. 487 (3).

4. The convicted person establishes by a preponderance of the evidence that (a) he would not have been convicted if exculpatory results had been obtained through DNA testing and (b) that his request for testing was not made to unreasonably delay the execution of sentence or the administration of justice. [2]

### *Application and Analysis*

In this case the Appellant's Motion for Post-Conviction DNA testing fails to comply with the statutory requirements for such testing. Article 64.01(b) states that the convicted person may request testing only if he shows that evidence containing biological material was not previously subject to testing or that new methods of testing now available would be reasonably likely to produce more accurate and probative results. In this case swabs were taken from the vagina of the victim and the Appellant voluntarily gave DNA samples from his cheeks to the officers. The DNA profiles developed from those samples were tested by the Texas Department of Public Safety Laboratory and were determined to a reasonable scientific certainty to be from the same person. The DNA from the sperm recovered from the victim's vagina came from a single source, with A.T., herself, as the only other contributor. Not only was the biological evidence tested prior to trial, it

---

[2] 64.03 was also amended to add a requirement that there be a reasonable likelihood that the evidence contains biological material as to motions filed on or after September 1, 2015 in accord with the amendments to 64.01.

10

was presented to the jury. The Appellant has made no effort to try to show that any newer techniques might reasonably be expected to produce different or more reliable or probative results.

Similarly, the Appellant has failed in his burden under Article 64.03. While he complains of the effectiveness of his counsel in what he sees is a failure to contest the chain of custody of the evidence that was tested, he has shown nothing concerning the custody of the samples since. However, in the State's response to the motion the whereabouts of those samples is established.

It its findings of fact, the trial court expressly found that the Appellant did not show that identity was an issue in the case. It was not. The victim identified the Appellant as the man who sexually assaulted her, he had property taken from her purse at the time of the attack in his room, and he gave a sample of his own DNA that matched that recovered from the sexual organ of the victim. (See summary of evidence in opinion on direct appeal. *Smith* at pgs. 1-3.). There was no issue as to identity at the time of trial nor is there at the present.

The Appellant has failed to show by a preponderance of the evidence that he would not have been convicted if DNA tests had been conducted with exculpatory results. First, this is impossible since DNA

tests were conducted and the result were completely inculpatory. Secondly, the victim's positive and unequivocal identification of the Appellant as her attacker; his possession of her property taken from her at the time of the assault by the perpetrator; and use of her cell phone certainly negate the existence of identity as an issue.

It must be noted that the Appellant's pro se motions and brief on appeal are confusing and are unclear as to exactly what he now wants tested. The sample taken from him and from the victim's sexual organ have been tested and found to match and are no way exculpatory. The only other mentioned of DNA in the case was a sample the police took early in the investigation from a schizophrenia sufferer known to frequent the area, however, there was never a comparison done with respect to that sample because police had quickly eliminated him as a suspect. Even if the Appellant is requesting such testing, and assuming those samples still exist, he has not shown that he would not have been convicted if that test had been conducted and a match obtained. Again, that would be impossible because the laboratory found DNA taken from the victim's vagina only from the victim herself and DNA that matched the Appellant. Furthermore, even if there had been a test showing DNA from this third person that would not have indicated that the Appellant

would not have been convicted given the presence of his DNA in the victim's sexual organ and the other evidence identifying him as the attacker. There has been no showing that even a positive match with the third person would exculpate the Appellant or raise the issue of identity.

The Appellant has failed to show by a preponderance of the evidence any of the statutory requirements for post-conviction DNA testing.

## PRAYER

The State of Texas respectfully prays that the judgment of conviction herein be, in all things, be affirmed.

Respectfully Submitted,

**HENRY GARZA**
District Attorney

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

# CERTIFICATE OF COMPLIANCE WITH RULE 9

This is to certify that the State's Brief is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 1,886 words.

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this brief has been served upon, Ronny Gene Smith, Appellant pro se, by U.S. Mail, addressed to him at: Ronny Gene Smith #1722493, Wayne Scott Unit B-3-9B, 6999 Retrieve Rd., Angleton, Tx 77515 on this 24th day of November, 2015.

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney



SENDER: *COMPLETE THIS SECTION*

COMPLETE THIS SECTION ON

- Co
- Pri     so
- At     ...ilpiece,
  or on the front if space permits.

**BRIEF** – Ronny Gene Smith
COA # 03-15-00549-CR
Cause # 67764

A. Signature

X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

1. Article Addressed to:

Ronny Gene Smith
TDCJ # 1722493
Wayne Scott Unit B-3-9B
6999 Retrieve Road
ANGLETON TX 77515

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:            ☐ No

9590 9403 0188 5120 6301 86

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
■ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
■ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7015 0640 0005 2696 1253

PS Form **3811**, April 2015 PSN 7530-02-000-9053          Domestic Return Receipt



7015 0640 0005 2696 1253

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®

**OFFICIAL USE**

Certified Mail Fee     $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postage     $
Total Postage and Fees     $
Sent To     Ronny Gene Smith
TDCJ # 1722493
Wayne Scott Unit B-3-9B
Street and Apt. No., 6999 Retrieve Road
City, State, ZIP+4   ANGLETON TX 77515

Postmark
Here



**BRIEF** – Ronny Gene Smith
COA # 03-15-00549-CR
Cause # 67764

Ronny Gene Smith
TDCJ # 1722493
Wayne Scott Unit B-3-9B
6999 Retrieve Road
ANGLETON TX 77515

DISTRICT COURT OFFICES • P. O. BOX 540 • BELTON, TEXAS 76513-0540

THE STATE OF TEXAS
BELL COUNTY

**HENRY GARZA**
**DISTRICT ATTORNEY**
27TH JUDICIAL DISTRICT OF TEXAS
BELL COUNTY



7015 0640 0005 2696 1253

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**®